Hillsborough,  }
Dec. 10, 1901. }

### TRUDA v. OSGOOD, *Trustee.*

A state court has concurrent jurisdiction of an action to determine the title to property taken in possession by a trustee in bankruptcy as a part of the bankrupt's estate.

TROVER, against the trustee in bankruptcy of V. T., for wagons, harnesses, etc. Facts agreed, and case transferred from the May term, 1901, of the superior court by *Pike*, J.

The defendant took possession of the property as assets of the bankrupt's estate, and sold it in the course of his duties as trustee. The defendant's motion to dismiss the action for want of jurisdiction was denied, and he excepted.

*Hamblett & Eaton*, for the plaintiff.

*Osgood & Osgood* and *Isaac L. Heath*, for the defendant.

BLODGETT, C. J. The question raised by the agreed facts is not one of jurisdiction, but of title. The plaintiff's action is not one of replevin, but of trover. It concerns, not the judicial custody or lawful possession of the property in controversy, but only the trial of the title to it. The jurisdiction conferred on the federal courts in actions of this character between trustees in bankruptcy and strangers to the bankruptcy proceedings is not exclusive, but, on the contrary, it is well settled that in all questions of title to property derived through such proceedings the state courts have concurrent jurisdiction. *Heath* v. *Shaffer*, 93 Fed. Rep. 647, 650; *Hicks* v. *Knost*, 94 Fed. Rep. 625; *Norcross* v. *Nathan*, 99 Fed. Rep. 414, 421 : *Eyster* v. *Gaff*, 91 U. S. 521, 525, 526; *Claflin* v. *Houseman*, 93 U. S. 130, 134; *Bardes* v. *Bank*, 178 U. S. 524, 532, 533; *White* v. *Schloerb*, 178 U. S. 542, 546; *Gage* v. *Dow*, 58 N. H. 420; *Hanson* v. *Herrick*, 100 Mass. 323, 326; *Otis* v. *Hadley*, 112 Mass. 100, 105, 106; *Goodrich* v. *Wilson*, 119 Mass. 429, 434;

Bump B'k'cy (11th ed.) 139, 140, and authorities cited; 2 Am. & Eng. Enc. Law 88; 16 *Ib.* (2d ed.) 755, *cc*; 88 Am. Dec. 675, note.

*Exception overruled.*

All concurred.