[Sac. No. 1066.   Department One.—June 30, 1904.]

JULES ALEXANDER, Appellant, v. T. W. WILSON, Sheriff, etc., and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Respondents.

BANKRUPTCY—DISSOLUTION OF ATTACHMENT AND EXECUTION—JURISDICTION OF DISTRICT COURT—INJUNCTION—ORDER TO SHERIFF.—Where it appears that debtors adjudged bankrupts by the district court of the United States were known to be insolvent when an attachment and levy under execution were made against them within four months before the adjudication in bankruptcy, and the creditor causing the levy had reasonable cause to believe them insolvent, and the liens were created in fraud of the provisions of the Bankruptcy Law, the attachment, judgment, and levy were rendered void by the adjudication, and the district court had jurisdiction to enjoin a sale under execution, and to order the sheriff to deliver the property to the trustee in bankruptcy.

ID.—DEFENSE TO ACTION ON BOND OF SHERIFF.—To an action on the official bond of the sheriff to recover damages for his failure to sell the property levied upon under execution, the injunction and order of the district court, under the facts of the case, are a complete defense.

APPEAL from a judgment of the Superior Court of Lassen County. F. A. Kelley, Judge.

The facts are stated in the opinion of the court.

Garoutte & Goodwin, for Appellant.

C. L. Claflin, and H. D. Burroughs, for Respondents.

VAN DYKE, J.—The plaintiff, as a creditor of the firm of Anderson & Berry, doing business in Lassen County, and as assignee of other creditors of said firm, commenced action against said firm September 19, 1899, in the superior court of Lassen County to recover the sum of $4,686.96, and at the same time procured an attachment, and placed the writ in the hands of defendant Wilson, sheriff of said Lassen County, who, as said sheriff, thereupon attached certain property belonging to said Anderson & Berry, and made return of the writ October 9, 1899. On November 29, 1899, judgment was entered in said action in favor of plaintiff and against defend-

ants therein, Anderson & Berry, for the sum of $3,416.15 and costs; and on the same day execution was issued on said judgment and placed in the hands of said Wilson, as sheriff, who levied the same upon the attached and other property of the judgment debtors therein, and advertised the sale of said property to take place December 9, 1899. Said defendant Wilson, as such sheriff, for the reasons hereinafter stated, failed to sell the property levied upon or to realize any sum therefrom, or to make return of the writ within the time specified. And said plaintiff brings this action against said defendant Wilson, as such sheriff, and the Fidelity and Deposit Company of Maryland, as surety on his official bond, for the sum of four thousand dollars damages.

Findings and judgment went for the defendants in the court below, from which plaintiff appeals upon a bill of exceptions. The findings of the court sustain the defense to the action interposed by the defendant Wilson, and they are in substance as follows: That after the levy of the execution issued upon the judgment recovered in the action of Alexander against Anderson & Berry in Lassen County,—to wit, on the sixth day of December, 1899,—said Anderson & Berry, by an order and judgment of the district court of the United States, in and for the northern district of California, were duly declared and adjudged to be bankrupt within the intent and meaning of the act of Congress relating to bankruptcy; that two days thereafter,—to wit, on the eighth day of December, 1899,—the said order and judgment was duly served upon said defendant Wilson, and on the eleventh day of December, 1899, the defendant Wilson readvertised for sale under the execution issued on the judgment obtained by the plaintiff against said Anderson & Berry, already mentioned, property held by him thereunder, said sale to take place on the eighteenth day of December, 1899, but that on the fourteenth day of December, 1899, the district court of the United States, in and for the northern district of California, by an order and judgment duly given and made, restrained and enjoined the defendant Wilson from selling any of said property, setting forth the said judgment and order *in hæc verba;* that thereafter, and before the eighteenth day of December, 1899, a copy of said order and judgment, duly certified, was delivered to and served upon the defendant Wilson, as in said order di-

rected, and that neither said order and judgment declaring
Anderson & Berry to be bankrupt, nor the order and judgment
restraining and enjoining the defendant Wilson from selling
said property under said execution have ever been reversed,
vacated, modified, or set aside, but they remain in full force
and effect; that said proceedings in bankruptcy were com-
menced in the district court of the United States, in and for
the northern district of California, on the sixth day of Decem-
ber, 1899, and that said proceedings were still pending in said
court. It is further found that the lien created by the attach-
ment, judgment, and execution in the action of Alexander
against Anderson & Berry was obtained and permitted while
the defendants in said action were insolvent, and that its en-
forcement would work a preference in favor of the plaintiff
in said action, and that said plaintiff and his assignors had
reasonable cause to believe that the said defendants, Anderson
& Berry, were insolvent and in contemplation of bankruptcy
when said lien was created. And that said lien was sought and
permitted in fraud of the provisions of the act of Congress
relating to bankruptcy; that said Anderson & Berry were in-
solvent on the nineteenth day of September, 1899, when said
attachment was levied, and thereafter were continuously in-
solvent until so adjudged on the sixth day of December, 1899,
and that said plaintiff, Alexander, and his assignors had rea-
sonable cause to believe that said Anderson & Berry were
insolvent during the whole of said period; that on January
25, 1900, the superior court of Lassen County, by an order
duly given and made, extended the time for the return of the
execution in the action of Alexander against Anderson &
Berry, and that said order was still in full force and effect,
and that on the thirtieth day of April, 1901, the defendant
Wilson made due return of said execution; that plaintiff has
not been damaged in any sum whatever on account of said
sheriff's failure to return said execution.

The bill of exceptions contains specifications of insufficiency
of evidence to support certain findings, but from an examina-
tion of the record we are satisfied that the evidence is suffi-
cient in the particulars noted, and in fact there seems to be
no point made in that respect in the argument of appellant's
counsel on the appeal. The main point in the argument seems
to be that a sheriff holding property of a judgment debtor,

under levy of an execution, issued out of a state court, cannot refuse to sell the property upon demand of the execution creditor, and thereafter permit the United States marshal to take said property from his possession upon an execution issued out of the United States court against the same debtor. And counsel refer in support of this contention to certain sections of the Political Code defining the duties of the sheriff. The first of these sections referred to provides that if the sheriff does not return a notice or process in his possession with the necessary indorsement thereon without delay he is liable to the party aggrieved in the sum of two hundred dollars and for all damages sustained by him. (Pol. Code, sec. 4179.) The next provides that if the sheriff to whom a writ of execution is delivered neglects or refuses, after being required by the creditor or his attorney, to levy upon or sell any property of the judgment debtor which is liable to be levied upon or sold, he is liable to the creditor for the value of such property. (Pol. Code, sec. 4180.) And the other section referred to provides that a sheriff or other ministerial officer must execute all processes and orders regular on their face and issued by competent authority. (Pol. Code, sec. 4187.) It is proper to remark that these sections are not now in force, having been superseded by sections 92, 93, and 100 of the County Government Law (Stats. 1897, p. 480), which, however, are in substance the same, with respect to the question involved. The appellant's counsel contend that, having levied upon property sufficient to satisfy, at least in part, the demands of the writ, he was not justified in failing to proceed thereunder and make his return as required by law. But, as the findings show, the sheriff was interrupted and prevented by superior power from executing the writ in question. By section 67 of the Bankruptcy Act of the United States of 1898 it is declared "that a lien created by, or obtained in, pursuance of any suit or proceeding at law or in equity, including attachment upon mesne process, or a judgment by confession, which was begun against a person within four months before the filing of a petition in bankruptcy by or against such person, shall be dissolved by the adjudication of such person to be a bankrupt, if it appears that said lien was obtained and permitted while the defendant was insolvent, and at his instance, and enforcement will work a preference, or that the party or parties to be bene-

fited thereby had reasonable cause to believe the defendant was insolvent, or in contemplation of bankruptcy.'' As already shown, it appears from the findings in this case that the firm of Anderson & Berry were insolvent at the time the plaintiff commenced his action and attached their property. Not only this, but plaintiff and his assignors had reasonable cause to believe that they were insolvent, and that said attachment was created and the lien sought in fraud of the provisions of the Bankruptcy Law referred to. Attachment was levied on the 19th of September, and the adjudication in bankruptcy on the 6th of December following, less than three months; whereas the Bankruptcy Law provides that an attachment or judgment lien levied within four months is rendered null and void, and is absolutely dissolved by an adjudication in bankruptcy. (*In re Kemp,* 101 Fed. 689; *In re Breslauer,* 121 Fed. 910.) In *Clarke* v. *Larremore,* 188 U. S. 486, it appears that the sheriff, after selling under an execution, and while the money was still in his hands, and within the time allowed for the return of the execution, upon a petition in bankruptcy being filed against the judgment debtor, it was held that the money did not belong to the judgment creditor, but went, under section 67 of the Bankruptcy Act of 1898, to the trustee in bankruptcy. The court in its opinion says: ''As judgment, execution, and levy were all within four months prior to the filing of the petition in bankruptcy, the lien created thereby became null and void on the adjudication in bankruptcy.'' This nullity and invalidity related back to the time of the entry of the judgment, and affect that and all subsequent proceedings. The language of the statute is not ''when,'' but ''in case he is adjudged a bankrupt,'' and the lien obtained through these legal proceedings was by adjudication rendered null and void from its inception. The court further proceeds to say that the rights of the creditor were subject to interception, and the bankruptcy proceedings operated as such interception,— ''they took away the foundation upon which the rights of the creditor, obtained by judgment, execution, levy and sale, rested. The duty of the sheriff to pay the money over to the judgment creditor was gone, and that money became the property of the bankrupt, and was subject to the control of his representative in bankruptcy,'' citing a number of cases. Many other cases to the same effect might be referred to, but it is altogether

unnecessary. The bankruptcy court has jurisdiction to order a sheriff holding property of a bankrupt under attachment levied within four months before the filing of a petition in bankruptcy to deliver the same to the trustee in bankruptcy, or where property has been sold to order the proceeds to be delivered over to such trustee. The attachment, judgment, and execution in the case of Alexander *v.* Anderson & Berry were rendered absolutely void by the order adjudicating Anderson & Berry bankrupts, and any sale under the execution, after such adjudication, would have also been void, and if it had been made, the proceeds, as already shown, would have remained the property of the bankrupt. Under the findings and the law the defendant sheriff seems to have been entirely justified in the course he pursued.

The judgment is affirmed.

Angellotti, J., and Shaw, J., concurred.