**GOODNOUGH MERCANTILE CO. *v.* GALLOWAY.**

84 Pac. 1049.

</div>

BANKRUPTCY—RIGHT OF TRUSTEE TO POSSESSION OF ATTACHED PROPERTY.

1. Under the national bankruptcy law of 1898 (30 Stat. U. S. c. 541, § 70, subds. "a" and "e"), a trustee at once upon qualifying becomes by operation of law vested with the legal title to all the unexempt property of the bankrupt, and from that date is presumably in possession thereof unless the contrary affirmatively appears, notwithstanding such property may have been already seized upon legal process from some other court.

JURISDICTION OF STATE COURT OVER SUIT AGAINST TRUSTEE.

2. After a trustee in bankruptcy has qualified no suit can be commenced against him without his consent in any state court to enforce a lien upon personal property belonging to the bankrupt's estate.

EFFECT OF APPEARANCE ON JURISDICTION OVER SUBJECT-MATTER.*

3. Though one may voluntarily submit to the jurisdiction of a court that could not compel his appearance, he cannot by any act confer on such court jurisdiction over subject-matter since that can be conferred only by law.

---

*NOTE.—See, to the same effect, *Wong Sing* v. *Independence*, 47 Or. 231, 233.                                                                REPORTER.

For instance: Where a state court has not jurisdiction over the subject-matter of a suit against a trustee in bankruptcy appointed by a federal court, the appearance of such trustee in response to a summons, and his action in defending the case, cannot confer jurisdiction over the subject-matter, even though the answer prays for affirmative relief.

WAIVER BY PLEADING OVER AFTER DEMURRER.

4. Error in overruling a demurrer for want of jurisdiction over the subject-matter of the suit is not waived by answering over.

HEARSAY EVIDENCE.

5. The statement by a public official that he did not perform a certain act, but that the records of his office show such act to have been performed, is hearsay.

EFFECT OF ORDER OF BANKRUPTCY ON PRIOR ATTACHMENTS.

6. Under Section 67, subd. "f" of the national bankruptcy act of 1898, relating to attachments against the property of insolvents prior to an adjudication of bankruptcy, an attachment levied on such property within four months prior to the filing of a petition in bankruptcy is discharged by the order of adjudication, unless there is an order preserving such lien.

JURISDICTION OF STATE COURTS OVER SUITS AGAINST TRUSTEES AFTER
AN ADJUDICATION OF BANKRUPTCY.

7. Under Section 21, subd. "e" of the national bankruptcy act of 1898, the title to the unexempt property of the bankrupt becomes vested in the trustee at once upon the approval of his bond, effective by relation as of the date when the adjudication of bankruptcy was made, and thereafter no suit can be commenced by any one in any other court to enforce any lien upon any personal property of the bankrupt, regardless of where the physical possession thereof may be when such suit is commenced, but the claim must be presented to and adjudicated by the bankruptcy court, since it first obtained jurisdiction over the property.

BANKRUPTCY—HOW OBJECTION TO JURISDICTION OF STATE COURT MAY
BE WAIVED BY TRUSTEE.

8. A trustee in bankruptcy is considered to have waived the objection that a court in which he has been sued has not jurisdiction over the subject-matter of litigation only when he answers to the merits without having suggested the want of jurisdiction.

For instance: When a trustee has been sued in a state court for part of the bankrupt's property, and has demurred to the jurisdiction over the subject-matter of the suit, and upon the objection being overruled, has answered to the merits, it cannot be said that he has waived the objection to the jurisdiction of the court over the subject-matter.

From Union: ROBERT EAKIN, Judge.

Statement by MR. JUSTICE MOORE.

This is a suit by the Goodnough Mercantile & Stock Co. against G. W. Buck, Cecil Galloway, the trustee in bankruptcy of his estate, and the First Bank of Elgin, to foreclose an equitable lien on personal property. It appears that on September 1, 1902, the defendant G. W. Buck was the owner of a sawmill, and, having secured the timber on certain premises

belonging to others, it is alleged he verbally agreed to give to the plaintiff, a private corporation, a lien upon such timber and upon the logs and lumber cut and manufactured therefrom as security for money and supplies to be furnished by it to enable him to operate his mill. He also entered into a contract with the Elgin Lumber Co. January 23, 1903, for the sale of the lumber which he might manufacture that year, the prices agreed upon therefor to be paid monthly as the lumber was delivered. He executed to plaintiff, January 31, 1903, and February 28th of that year, written instruments purporting to sell to it 332,100 feet and 145,600 feet of logs, respectively, at $2.50 per thousand, each memorandum stating that it was given as collateral security; but these instruments were not acknowledged or certified, so as to be entitled to record. An accounting was had between plaintiff and Buck April 16, 1903, and there was found to be due to it $3,850, for which sum he executed his promissory note payable on demand, and at the same time gave it a written order on the Elgin Lumber Co. to pay plaintiff all money due on the sale of lumber, which order was accepted, though no lumber had been delivered. Buck assigned to plaintiff, May 2, 1903, all his interest in the timber which he had secured. The defendant the First Bank of Elgin, a corporation, commenced an action against Buck in the Circuit Court of the State of Oregon for Union County, May 7, 1903, to recover the sum of $2,084.03, and, having sued out a writ of attachment, the sheriff of that county, in pursuance thereof, seized all the logs and lumber owned by Buck, and also took possession of his mill under the terms of a chattel mortgage thereon.

The creditors of Buck having filed a petition in the United States District Court for the District of Oregon, such proceedings were had therein that he was adjudged a bankrupt, and the defendant Cecil Galloway was appointed and duly qualified as trustee of the bankrupt's estate. The plaintiff herein presented to the referee in bankruptcy its verified claim, evidenced by the promissory note, and an account for money and supplies furnished to Buck after the execution of such note, asserting that it held a lien on the timber, logs and lumber as security therefor,

(48th Or.—16)

and stating that it was entitled to the immediate possession of such property to dispose of it in payment of its demand. This suit was thereafter instituted in the Circuit Court of the State of Oregon for Union County, the complaint stating the facts as hereinbefore detailed in respect to the right of an equitable lien upon such property, and averring that Galloway, as trustee, was claiming the right to take possession of the property to sell it, and, unless restrained, he would do so, thereby depriving plaintiff of its lien. An injunction was thereupon issued out of the state court restraining the trustee in bankruptcy from disposing of the property. The defendants Galloway and the First Bank of Elgin separately demurred to the complaint, on the ground, *inter alia,* that the court did not have jurisdiction of the subject-matter of the suit; but, the demurrers having been overruled, these defendants separately answered, denying the material allegations of the complaint, and averring that such bank by its attachment secured a lien upon the logs and lumber so seized, which they severally prayed might be decreed to be prior to all other incumbrances. The allegations of new matter in the answers having been put in issue by the replies, the cause was referred, and from the testimony taken the court made findings of fact and of law, establishing plaintiff's equitable lien, and decreeing a foreclosure thereof for the sum due from Buck; and Galloway and the First Bank of Elgin appeal.

REVERSED.

For appellants there was a brief with oral arguments by *Mr. Francis Swift Ivanhoe* and *Mr. James Davis Slater.*

For respondent there was a brief over the name of *Ramsey & Oliver,* with an oral argument by *Mr. William Marion Ramsey.*

MR. JUSTICE MOORE delivered the opinion of the court.

The question presented by this appeal is whether or not, after an adjudication of bankruptcy, a suit can be maintained in a state court by a third person against a trustee in bankruptcy to foreclose a lien upon personal property belonging to the bankrupt's estate. The pleadings do not state who was in possession

of the logs and lumber in question when this suit was instituted. The testimony shows, however, that Buck had possession of such property until it was seized in pursuance of the writ of attachment issued in the action of the First Bank of Elgin against him, when the sheriff of Union County secured the possession thereof.

1. A trustee in bankruptcy upon his appointment and qualification becomes vested by operation of law with the title to all unexempt property of the bankrupt, and is authorized to avoid any transfers by the latter of his property which a creditor of such bankrupt might have set aside, and he may recover the property so transferred, or its value, from the person to whom it was assigned, unless such person was a bona fide holder for value prior to the date of the adjudication of bankruptcy: Act July 1, 1898, 30 Stat. U. S. 544, 565, 566, c. 541, § 70, subds. "a," "e" (U. S. Comp. St. 1901, pp. 3451, 3452, 1 Fed. Stat. Ann. 525, 697, 702). The filing of a petition in bankruptcy is in effect a notice that the unexempt property of the person named therein as having committed an act of bankruptcy may be seized and the proceeds arising from the sale thereof applied in payment of his debts, and such petition is also a warning to all persons not to meddle with such property, the title to which, upon an adjudication in bankruptcy, vests in the trustee when qualified, whereby he secures the actual or acquires the constructive possession, thereby bringing the property applicable to the payment of debts into the jurisdiction of the bankruptcy court: *Mueller* v. *Nugent,* 184 U. S. 1 (22 Sup. Ct. 269, 46 L. Ed. 405) ; *Moore Mfg. Co.* v. *Billings,* 46 Or. 401 (80 Pac. 422). Though the sheriff of Union County was in possession of the logs and lumber in controversy, July 13, 1903, when Buck was adjudged a bankrupt, the defendant Galloway, as trustee of the bankrupt's estate, having qualified before this suit was instituted, he became vested with the legal title to such property, and, invoking the disputable presumption that official duty has been regularly performed (B. & C. Comp, § 788, subd. 15), it must be assumed, in the absence of any evidence on the subject, that the trustee immediately took possession of the logs and lumber.

2. In controversies relating to concurrent jurisdiction the rule is elementary that the court which first acquires authority to hear and determine the merits of the case retains it for all purposes: *Farmers' L. & T. Co.* v. *Lake Street Ry. Co.* 177 U. S. 53 (20 Sup. Ct. 564, 44 L. Ed. 667) ; *Louisville Trust Co.* v. *Comingor,* 184 U. S. 18 .(22 Sup. Ct. 293, 46 L. Ed. 413) ; *McFarlan Carriage Co.* v. *Wells,* 99 Mo. App. 641 (74 S. W. 878). In construing the provisions of the bankruptcy act of July 1, 1898, the Supreme Court of the United States held that a trustee in bankruptcy was not authorized to maintain a plenary suit in the United States district court having jurisdiction of the bankruptcy proceedings to set aside alleged fraudulent transfers of property made by the bankrupt to third parties, in fraud of the rights of creditors, before the institution of bankruptcy proceedings, unless such parties as proposed defendants voluntarily appeared and consented thereto: *Bardes* v. *Hawarden Bank,* 178 U. S. 524 (20 Sup. Ct. 1000, 44 L. Ed. 1175). The justice who wrote the opinion in that case also on the same day handed down another to the effect that after an adjudication in bankruptcy an action of replevin in a state court could not be commenced or maintained against the bankrupt to recover property in the possession of and claimed by the bankrupt at the time of that adjudication and in the possession of a referee in bankruptcy at the time when the action of replevin was begun, and that the district court of the United States, sitting in bankruptcy, had jurisdiction by summary proceedings to compel the return of the property seized: *White* v. *Schloerb,* 178 U. S. 542 (20 Sup. Ct. 1007, 44 L. Ed. 1183).

After these decisions last referred to were rendered, the bankrupt act of July 1, 1898, was amended in certain particulars: Act Feb. 5, 1903, 32 Stat. U. S. 797, c. 487 (U. S. Comp. St. Supp. 1905, p. 682, 1 Fed. Stat. Ann. 525, 533). In *Whitney* v. *Wenman,* 198 U. S. 539 (25 Sup. Ct. 778, 49 L. Ed. 1157), Mr. Justice DAY, referring to the opinion reported in 178 U. S. 524, and considering its applicability to Subdivision 7 of Section 2 of the bankruptcy act of 1898, says: "This case (*Bardes* v. *Hawarden Bank*) did not determine the right of the district

court to entertain jurisdiction of a proceeding having in view the adjudication of rights in or liens upon property which came into the possession of the bankruptcy court as that of the bankrupt, the right to proceed concerning which would seem to be broadly conferred in the section of the bankruptcy act above quoted." Further in the opinion, after commenting upon the effect of other decisions rendered by the Supreme Court of the United States, it is also observed: "We think the result of these cases is, in view of the broad powers conferred in Section 2 of the bankrupt act, authorizing the bankruptcy court to cause the estate of the bankrupt to be collected, reduced to money and distributed, and to determine controversies in relation thereto, and bring in and substitute additional parties when necessary for the complete determination of a matter in controversy, that when the property has become subject to the jurisdiction of the bankruptcy court as that of the bankrupt, whether held by him or for him, jurisdiction exists to determine controversies in relation to the disposition of the same and the extent and character of liens thereon or rights therein."

In *Truda* v. *Osgood,* 71 N. H. 185 (51 Atl. 633), which was an action of trover instituted in a state court against a trustee in bankruptcy for the alleged conversion of certain property, taken in possession by the trustee in bankruptcy as a part of the bankrupt's estate, it was held that a state court had concurrent jurisdiction of an action to determine the title to such property. In deciding that case, Mr. Chief Justice BLODGETT, speaking for the court, says: "The question raised by the agreed facts is not one of jurisdiction, but title. The plaintiff's action is not one of replevin, but of trover. It concerns, not the judicial custody or lawful possession of the property in controversy, but only the trial of the title to it. The jurisdiction conferred on the federal courts in actions of this character between trustees in bankruptcy and strangers to the bankruptcy proceedings is not exclusive; but, on the contrary, it is well settled that in all questions of title to property derived through such proceedings the state courts have concurrent jurisdiction." If it be assumed that the case last cited correctly states the

law, the rule announced is not controlling herein, for in the case at bar the right to the possession of the logs and the lumber, and not the title thereto, is involved.

3. It is insisted by plaintiff's counsel that, the demurrer of the defendant Galloway having been overruled, he answered over, praying for affirmative relief, thereby conferring jurisdiction of the subject-matter upon the state court. If the principle contended for should be recognized as a rule of practice, it would necessarily follow that a trustee in bankruptcy, by appearing as a party in a state court in a suit or action involving the right to the possession of the bankrupt's property in the custody of the United States district court, could deprive the latter tribunal of jurisdiction, notwithstanding it had secured possession of the bankrupt's estate before the jurisdiction of the state court had been invoked. Though parties to suits and actions, who are *sui juris,* may voluntarily waive jurisdiction of their persons, they cannot confer jurisdiction of the subject-matter which always depends upon a valid grant of power by the legislative department. The answers of the defendants, though praying for affirmative relief, were ineffectual to confer upon the state court power to hear and determine the controversy involved herein, after the federal court had secured jurisdiction of the *res.*

4. This suit not having been begun until after the adjudication of bankruptcy, the state court could not secure jurisdiction of the property belonging to the bankrupt's estate, the title to which was vested in the trustee who was also in the possession thereof and hence an error was committed in overruling the demurrer, which error was not waived by answering over. It follows, from these considerations, that the appellants' demurrers should be sustained, the decree of the lower court reversed, the injunction dissolved, and the suit dismissed.

REVERSED.

Decided 20 March, 1906.
ON PETITION FOR REHEARING.

MR. JUSTICE MOORE delivered the opinion of the court.

A petition for a rehearing having been filed by plaintiff's

counsel, we will consider only a few matters stated therein, deeming those treated decisive of the questions presented.

The transcript shows that this suit was commenced August 3, 1903, the complaint stating that the defendant Buck was adjudged a bankrupt by the United States District Court for the District of Oregon on June 13th of that year; that the defendant Galloway was elected trustee of the bankrupt's estate on the 22d day of the next month, and, having duly qualified, he was discharging the trust devolving upon him. It is further alleged that the trustee claims the right to take possession of all the timber, saw logs and lumber belonging to such estate and to sell the same, thereby depriving plaintiff of its equitable lien thereon, and that he will do so unless restrained by order of court. It is also stated that all of Buck's property that is subject to plaintiff's lien is insufficient to secure the payment of the sum due on account thereof. The answer of the defendant Galloway denies the material allegations of the complaint, except such as are admitted, and concedes that the sheriff of Union County seized Buck's logs and lumber under a writ of attachment issued May 7, 1903, and held the same until about the —— day of July, 1903, when upon a demand therefor such property was delivered to the trustee, who holds the logs, but that the lumber had been sold pursuant to stipulation of the parties hereto that the money received therefor should be treated as the property. It is further stated that on October 3, 1903, by consideration of the Circuit Court of the State of Oregon for Union County, judgment was rendered against Buck for the sum demanded in the action instituted against him May 7, 1903, by the defendant herein the First Bank of Elgin, and that the property so attached was ordered to be sold and the proceeds arising therefrom applied in payment of such judgment; that the trustee is entitled to the possession of the attached property and to the proceeds of the sale of a part thereof, for the purpose of administering the same under the bankrupt laws of the United States. The prayer of the answer is for a decree that such attachment be declared a valid lien in the trustee's favor and that plaintiff's claim be held invalid.

The material allegations of new matter in such answer were denied in the reply.

5. The trustee in bankruptcy having alleged that the possession of the logs and lumber so attached was delivered to him, which averment was denied in the reply, the burden of proving the issue was imposed upon him. T. B. Johnson, a deputy sheriff of Union County, as defendants' witness, testified that in the action instituted by the First Bank of Elgin against Buck he attached the latter's logs and lumber May 8, 1903, and placed the same in charge of a keeper, and was asked if he knew whether or not such property was delivered to the trustee in bankruptcy, to which he replied: "I did not turn it over myself, but the records of the office show that it was." Plaintiff's counsel moved to strike out that part of the answer relating to what the records of the sheriff's office disclosed, on the ground that the same was hearsay; but, as the testimony was taken before a referee, no ruling was made thereon. The testimony so objected to was inadmissible for the reason assigned, and, no other evidence having been offered upon this branch of the case, the defendant Galloway failed to prove a relevant fact.

6. It will be remembered that the complaint states that the trustee in bankruptcy claimed the right to take possession of the logs and lumber so attached and to sell the same, which averment, though a defective statement of a fact, is, after answer, entitled to all intendments in favor of its sufficiency (*Oregon & Cal. R. Co.* v. *Jackson County,* 38 Or. 589, 64 Pac. 307, 65 Pac. 369; *Mellott* v. *Downing,* 39 Or. 218, 64 Pac. 393; *Patterson* v. *Patterson,* 40 Or. 560, 67 Pac. 664), and tantamount to an allegation that on August 3, 1903, when this suit was commenced, Galloway had not taken possession of such property. This averment was denied in the answer, thereby imposing upon plaintiff the burden of proving the disputed fact; but no testimony was offered thereon. In the absence of any evidence upon this issue, the presumption that official duty has been regularly performed was invoked, from which the conclusion was drawn that Galloway, as trustee of Buck's

estate, took possession of the attached property immediately upon qualifying. It is argued that the decision reached is not deducible from the conditions assumed, and that in the opinion heretofore announced the presumption mentioned was improperly applied.

The bankruptcy act of July 1, 1898, declares "that all * * attachment * * obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy * * shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt": 30 Stat. U. S. 544, 565, c. 541, § 67, subd. "f" (U. S. Comp. St. 1901, p. 3450, 1 Fed. Stat. Ann. 525, 693). The testimony clearly shows that Buck was insolvent when his logs and lumber were seized by the sheriff, and that the attaching creditor, the First Bank of Elgin, had reasonable cause to believe him unable to pay his debts. As such seizure was made within four months prior to the filing of the petition in bankruptcy, the adjudication thereof, in the absence of an order of the United States district court preserving the lien of the attachment (*Thompson v. Fairbanks,* 75 Vt. 361, 56 Atl. 11, 104 Am. St. Rep. 899), *eo instante,* rendered the qualified right of property of the First Bank of Elgin in and to Buck's logs and lumber null and void: *Alexander* v. *Wilson,* 144 Cal. 5 (77 Pac. 706); *In re Tune* (D. C.) 115 Fed. 906; *Clarke* v. *Larremore,* 188 U. S. 486 (23 Sup. Ct. 363, 47 L. Ed. 555.) It is admitted by the pleadings that the sheriff of Union County attached the logs and lumber in question May 8, 1903, but his possession thereof should not be presumed to continue after June 13th of that year, when Buck was adjudged a bankrupt (B. & C. Comp. § 788, subd. 33), assuming that the law had been obeyed: B. & C. Comp. § 788, subd. 34.

7. If it be conceded, however, that these presumptions are inapplicable, and also supposed, from the rendition of the judgment October 3, 1903, ordering a sale of the attached

property, that the sheriff was, on that day, in the possession thereof, we do not think such control of the logs and lumber sufficient to confer jurisdiction of the subject-matter of this suit upon the state court. The title to Buck's unexempt property evidently became vested in Galloway as trustee when the undertaking of the latter was confirmed by the federal court, for a certified copy of the order approving such bond affords conclusive evidence of the transfer of the bankrupt's title (30 Stat. U. S. 544, 552, c. 541, § 21, subd. "e"; U. S. Comp. St. 1901, p. 3430; 1 Fed. Stat. Ann. 525, 589), though such title, by operation of law, relates back to the date of the adjudication: 30 Stat. U. S. 544, 565, c. 541, § 70 (U. S. Comp. St. 1901, p. 3451, 1 Fed. Stat. Ann. 525, 697). The United States district court being thus constructively in possession of the bankrupt's unexempt property, a party claiming a lien thereon could not by taking possession of such property after the adjudication secure legal control thereof: *In re Gutman* (D. C.) 114 Fed. 1009. See, also, *In re Reynolds* (D. C.) 127 Fed. 760. In *Kimberling* v. *Hartly* (C. C.) 1 Fed. 571, it was held that, where an action is pending in a state court of competent jurisdiction to enforce a specific lien on property of the debtor, the subsequent bankruptcy of the debtor does not divest the state court of its jurisdiction to proceed to a final decree in the cause and to execute the same. To the same effect is the case of *National Bank* v. *Hobbs* (C. C.) 118 Fed. 626. It would seem necessarily to follow that the converse of this legal proposition is true—that, after an adjudication of bankruptcy by a federal court, a suit or action cannot be commenced in a state court, affecting the unexempt property of the bankrupt, if objection to the want of jurisdiction of the subject-matter be suitably interposed. If the sheriff of Union County had possession of Buck's logs and lumber when this suit was instituted, and the trustee was threatening to take possession thereof as alleged in the complaint, the plaintiff herein cannot take advantage of such facts; for in a suit by the trustee to determine his right of possession the state court and its officer, the sheriff, must necessarily yield all interests

in and rights to the property to the federal tribunal which first
secured jurisdiction thereof, and is, therefore, authorized to
administer the bankrupt's estate in the interest of the creditors.
We think that jurisdiction of the subject-matter was not se-
cured by bringing a suit against Buck in the state court, after
he had been adjudged a bankrupt, regardless of who was in
possession of his property at the time such suit was instituted.

8. It is maintained by plaintiff's counsel that a trustee in
bankruptcy is not obliged to take possession of that part of a
bankrupt's unexempt property which is so incumbered with
liens that after the payment thereof nothing would remain for
the creditors, and, this being so, it was improperly stated in
the former opinion that Galloway could not waive jurisdiction
of the subject-matter.   The answer of the defendant Galloway
denied that the plaintiff had any lien upon the logs or lumber
in question, and the complaint averred that the trustee in
bankruptcy claimed the right to take possession of such prop-
erty and to sell it, thereby depriving plaintiff of its lien.   The
pleadings do not show any waiver by Galloway of his right to
the property of the bankrupt.   After the trustee's demurrer
to the complaint was overruled, he answered over, setting up
the attachment of Buck's property and claiming rights there-
under on behalf of the creditors of the bankrupt estate.   It
has been held under a former bankrupt act that when an
assignee in bankruptcy makes no objection to the jurisdiction
of a state court over the subject-matter, but voluntarily appears
and litigates his rights therein, he and those whom he repre-
sents are bound by the judgment of such court: *Mays* v. *Frit-
ton,* 87 U. S. (20 Wall.) 414 (22 L. Ed. 389); *Winchester* v.
*Heiskell,* 119 U. S. 450 (7 Sup. Ct. 281, 30 L. Ed. 462).   In
the case at bar the defendant Galloway did not voluntarily
appear in this suit, but challenged the jurisdiction of the state
court over the subject-matter.   When his demurrer, based on
that ground, was overruled, he sought by answer to secure the
property involved for the benefit of the creditors of Buck's
estate.   In *Harkness* v. *Hyde,* 98 U. S. 476 (25 L. Ed. 237), it
was held that illegality in the service of process by which juris-

diction is to be obtained is not waived by the special appearance of the defendant to move that the service be set aside, nor, after such motion is denied, by his answering to the merits. Such illegality is considered waived only when he, without having insisted upon it, pleads in the first instance to the merits. The trustee did not in this case at first plead to the merits, but demurred; and hence he did not waive jurisdiction of the subject-matter.

It follows from these considerations that the petition for a rehearing is denied.

REVERSED: REHEARING DENIED.