Grafton,    }
March 1, 1910. }

### Webster *v.* Stearns.

A secret trust arising from the vendor's retention of goods sold does not render the sale voidable by his creditors or by his receiver in bankruptcy, if the vendee takes possession of the property prior to its attachment or seizure.

Trover, for a stock of merchandise contained in a store.    Trial by the court.    Facts found, and case transferred from the April term, 1909, of the superior court, by *Chamberlin,* J.

December 14, 1904, the plaintiff and one Jenney signed a contract which provided as follows:

"1st.  Said Webster agrees to place or cause to be placed in said Jenney's place of business at said Enfield five hundred dollars' ($500) worth of groceries and provisions.

" 2d.  Said groceries and provisions, or others of equal value, to be the property of said Webster at all times.

" 3d.  Said Jenney to have the right to sell or exchange said goods for profit, provided they are replaced by others of equal value.

" 4th.  For the above privilege said Jenney is to pay said Webster the sum of twenty dollars ($20) each year, also to pay all taxes on said goods and to keep them insured for their value at all times."

At the date of the agreement Jenney had about $150 in money.  This sum, together with the plaintiff's $500, was used to purchase a stock of goods which was put into Jenney's store, and there-

upon Jenney sold and purchased goods as is customary in country stores. All goods bought were commingled with others not sold, and the stock was maintained as was found necessary.

Early in April, 1908, Jenney being in default on his annual payment of $20 required by the contract, the plaintiff demanded of him the posession of the stock of goods, claiming to be the owner of them, and Jenney voluntarily gave him the possession and turned over to him the key of the store. The next day the goods were attached by the defendant, who is a deputy sheriff, on writs in favor of two of Jenney's creditors. Within a few days Jenney was adjudged a bankrupt. The defendant was appointed receiver, and in that capacity claimed to hold the goods which he had before attached. The attachment suits were abandoned.

The foregoing agreement exactly expresses what the parties agreed to and was entered into in good faith, without any intention on the part of either party to defraud the other or any one else. The defendant as receiver sold the goods for $430.15, which was their fair value; and if the plaintiff on the foregoing facts is entitled to recover, he is to have judgment for that amount.

*William Batchelder* and *Charles Batchelder* (both of Vermont), and *Smith & Smith*, for the plaintiff.

*Marshall D. Cobleigh* and *Albin & Sawyer*, for the defendant.

WALKER, J. If, as against Jenney's creditors, the transaction between him and the plaintiff might be deemed a sale with a secret trust in favor of the plaintiff, while Jenney retained possession of the property, its fraudulent character was purged when the plaintiff asserted his right under the contract and took possession of the property which, as against Jenney, belonged to him. *Weeks* v. *Fowler*, 71 N. H. 518. By that act the contract was terminated, and at the time of the attachment Jenney had no possession of the goods upon which fraud could be predicated as a matter of law. *Weeks* v. *Fowler*, *supra*. Nor did the defendant's appointment as a receiver in bankruptcy of Jenney's estate furnish any justification for his seizure of the plaintiff's property and retention of the possession thereof. *Truda* v. *Osgood*, 71 N. H. 185.

*Judgment for the plaintiff.*

All concurred.