GARWOOD P. BUTTS V. KINGMAN & COMPANY ET AL.

FILED MAY 16, 1900. No. 9,211.

1. **Petition.** The petition examined, and *held* to state a cause of action.

2. **Motion for Judgment:** PLEADING LIBERALLY CONSTRUED. When a party files a motion for a judgment on the pleadings, after the jury is impaneled and sworn, the pleading so attacked will be liberally construed, so as to sustain it if possible.

3. **Interest in Property:** RIGHT OF ACTION. One who has an interest in property which has been converted by another obtaining possession thereof through a replevin suit may maintain conversion against the latter, since his remedy is not upon the replevin bond, if he be a stranger to the obligation.

ERROR to the district court for Douglas county. Tried below before SLABAUGH, J. *Reversed.*

*B. N. Robertson,* for plaintiff in error.

*J. H. McIntosh, contra:*

The plaintiff's recourse was upon the replevin bond, and not against the party into whose hands the property replevied finally came. In a replevin suit when a bond is given under the statute, and the property delivered to the plaintiff in the action, the bond takes the place of the property. As was said in an early case in Ohio, from which our replevin act is taken, "the bond takes the place of the property to the extent of the interest of the defendant in replevin." *Jennings v. Johnson,* 17 Ohio, 154; *Williams v. West,* 2 Ohio St., 87; *Crittenden v. Lingle,* 14 Ohio St., 182; *Rockey v. Burkhalter,* 68 Pa. St., 221.

NORVAL, C. J.

In the district court of Douglas county Garwood P. Butts filed his petition, the substantive parts of which are as follows:

"On the 16th day of February, 1894, the defendants

commenced an action in replevin in the county court of
Douglas county, Nebraska, in which the Moline, Mil-
burn & Stoddard Company was plaintiff, and the B. H.
Osterhoudt Spring Wagon Mfg. Company, Samuel
Hamilton, and G. P. Butts, were defendants, said G. P.
Butts being the plaintiff in this cause of action, was
made a party to the action commenced in the county
court as aforesaid by intervention, but the bond in re-
plevin did not run in his favor, and said action com-
menced in the county court as aforesaid was commenced
in the name of the said Moline, Milburn & Stoddard
Company, for and in the behalf of, and for the benefit
of the said defendants herein, the defendants herein hav-
ing previous to the commencement of said action, ob-
tained from the Moline, Milburn & Stoddard Company,
an assignment as collateral security, of all of its rights,
title and interest in and to the property replevied, said
property consisting of  *   *   *   and in the said replevin
suit, the property taken under the writ of replevin was
delivered by the sheriff into the possession of the defend-
ants herein, and defendants have appropriated all of
said property to their own use and benefit; with full
notice of the plaintiff's lien on the said property; that
the value of the property so taken and appropriated by
the said defendants is the sum of four hundred forty
dollars ($440).

"Plaintiff alleges that the said replevin suit, started
by the defendants herein as aforesaid in the county
court, was removed to the district court of Douglas
county, Nebraska, by appeal, in which court, on the
22d day of June, 1895, it was adjudged that the plaintiff
herein had, at the commencement of the replevin suit, a
special interest in said property, and was entitled to the
possession thereof, and that the value of said interest
was the sum of one hundred forty-two dollars and fifty
cents ($142.50), and thereupon a judgment was rendered
in said replevin suit in favor of the plaintiff herein and
against the Moline, Milburn & Stoddard Company, for

the return of the property so 'replevied, or, in case a return can not be had, that this plaintiff have and recover from the said Moline, Milburn & Stoddard Company, the sum of one hundred forty-two dollars and fifty cents ($142.50), together with his costs in that behalf expended, taxed at forty-nine dollars and twenty-eight cents ($49.28). Plaintiff alleges that on September 23, 1895, an execution and order for the return of the said property was issued upon said judgment and delivered to the sheriff of Douglas county, Nebraska, and that on the 8th day of October, 1895, said· execution was by the sheriff returned wholly unsatisfied.

"Plaintiff further states that it was by and through the means of the replevin suit commenced in the county court by the defendants herein in the name .of the Moline, Milburn & Stoddard Co. as plaintiffs, that the said defendants herein obtained the possession of the said chattel property as herein alleged, and through the instrumentality of such suit that they were enabled to appropriate and apply to their own use all of the said personal property, and that because of the action taken by the said defendants herein, plaintiff has been damaged in the sum of two hundred dollars ($200). Wherefore, plaintiff asks judgment," etc.

To this petition defendants answered by a general denial, and further alleging that the Moline, Milburn & Stoddard Company had prosecuted a petition in error from the judgment of the district court, which plaintiff alleged was in his favor. The reply .denied this allegation. After the jury was impaneled, defendants filed a motion for judgment in their favor on the pleadings, which motion was sustained and judgment was entered accordingly, and from it the plaintiff below comes to this court on error proceedings. This ruling was in effect holding that the petition does not state a cause of action. We shall confine ourselves to the objections made to the petition in the brief of defendants.

It is contended that the petition does not state a

Butts v. Kingman & Co.

cause of action for two reasons: first, that the allegations therein do not show a right to the property in question superior to that of defendants; second, that plaintiff's recourse was upon the replevin bond, and not against the party into whose hand the property replevied finally came.

On the first point, it is argued that the petition should on its face have shown that plaintiff had in the property a right superior to that of defendants. Grant this, yet we think the petition does show this sufficiently for the purpose of this case, and it must be liberally construed, coming to us as it does upon a judgment rendered on a motion for judgment on the pleadings submitted after the jury were impaneled to hear the case. The petition alleges that in the former action it was adjudged that plaintiff had, at the commencement of the replevin suit, a special interest in said property, and was entitled to possession thereof, and then sets out the value of that interest, for which amount plaintiff recovered judgment. This we think is sufficient to establish the fact that plaintiff's special interest was superior to the rights of defendants, and as they had deprived plaintiff of the possession of the property, this act amounted to a conversion, to the extent of the value of this interest, if the value of the property equalled or exceeded that sum.

As to the second proposition, we do not think it necessary to discuss whether, as between the parties to a replevin bond, the bond takes the place of the property or not, for in this case the undertaking did not run to plaintiff and he could not sue upon it. Being a stranger thereto, his remedy was a suit in conversion against the tort-feasor, for which reason this suit was properly brought. *Wilcox v. Brown*, 26 Nebr., 751. Judgment for defendants on the pleadings was erroneously entered, and it is accordingly

REVERSED.