GLOBE BANK AND TRUST COMPANY OF PA-
DUCAH, KENTUCKY, v. MARTIN, TRUSTEE IN
BANKRUPTCY OF ATKINS.

FIRST NATIONAL BANK OF PADUCAH, KEN-
TUCKY, v. SAME.

OLD STATE NATIONAL BANK OF EVANSVILLE,
INDIANA, v. SAME.

MARTIN, TRUSTEE IN BANKRUPTCY OF AT-
KINS, v. GLOBE BANK & TRUST COMPANY OF
PADUCAH, KENTUCKY.

APPEALS FROM UNITED STATES COURT OF APPEALS FOR THE
SIXTH CIRCUIT.

PETITION FOR WRIT OF CERTIORARI.

Nos. 99, 100, 101, argued December 4, 7, 1914, and No. 292, submitted
December 4, 1914.—Decided February 23, 1915.

A controversy over the distribution of a fund in the hands of the trustee
arising from proceeds of property attached under attachment by a
creditor, within four months of the petition, the lien of which has been
preserved for the estate, is a controversy arising in bankruptcy pro-
ceedings and appealable, as in other cases in equity, under the Cir-
cuit Court of Appeals Act, and is not controlled by § 25 of the
Bankruptcy Act.

This case being appealable to this court under the Circuit Court of
Appeals Act, the petition for writ of certiorari is denied.

The title with which the trustee is vested under § 70-a includes all prop-
erty transferred by the bankrupt in fraud of creditors and which
prior to the bankruptcy might have been levied upon and sold under
judicial process against him.

Under § 70-e, the trustee may avoid any transfer by the bankrupt of
his property which any creditor of the bankrupt might have avoided,
and the trustee has authority to recover the property in the hands
of anyone not a bona fide holder for value.

The provisions of the Bankruptcy Act in regard to attachments and liens acquired under state laws are superior to all state laws in virtue of the constitutional authority of Congress to enact a uniform system of bankruptcy.

Even though a fund representing property conveyed in fraud of creditors may be recovered through the state court under an attachment obtained by creditors who, under state law, would alone share in the fund and the lien of which has been preserved under § 67-b, disposition of the fund is determined by the rule of distribution prevailing in the Federal jurisdiction and not by that in the state court in the absence of bankruptcy, and so *held* that a fund so obtained should be distributed between all the creditors as a general asset of the estate and not between those creditors who would alone have shared in the fund had their attachment been obtained more than four months prior to the petition.

The liens on property passing to the trustee to which a preference is given under § 64-b in accordance with state laws are statutory liens such as those for furnishing labor and materials and that section does not prevent the application of § 67-f in the circumstances here shown.

193 Fed. Rep. 841; 201 Fed. Rep. 31, affirmed.

THE facts, which involve the construction of § 67-f of the Bankruptcy Act of 1898, and the application of proceeds resulting from a lien preserved for the estate thereunder, are stated in the opinion.

*Mr. D. H. Hughes,* with whom *Mr. Alexander Gilchrist, Mr. C. K. Wheeler* and *Mr. J. G. Wheeler* were on the brief, for appellants:

The Circuit Court of Appeals erred in refusing to dismiss appeal and petition for review. *In re Mueller,* 135 Fed. Rep. 711; *In re Loving,* 224 U. S. 183; *Coder* v. *Arts,* 213 U. S. 213; Bankruptcy Act, 1898, §§ 25-a and 25-b.

The Circuit Court of Appeals also erred in holding that recovery of property under § 1907, Carroll's Kentucky Statutes, ed. 1909, is for benefit of creditors whose debts were created after voluntary conveyance, as well as those whose debts were created before such conveyance, although

no actual fraud shown. *Atkins* v. *Globe Bank*, 124 S. W. Rep. 879; Bankruptcy Act, 1898, §§ 64-b-(5), 67-f, 70 (4); *In re Bennett*, 153 Fed. Rep. 673; *In re Allen* (D. C.), 96 Fed. Rep. 512; *Merchants Bank* v. *Sexton*, 228 U. S. 634; *In re Laird*, 109 Fed. Rep. 550; *First National Bank* v. *Staake*, 202 U. S. 141; *Miller* v. *New Orleans Fertilizer Co.*, 211 U. S. 496.

*Mr. W. F. Bradshaw, Jr.*, and *Mr. J. D. Mocquot* for appellee, and for petitioner in No. 292:

Kentucky Statutes, §§ 1906, 1907, providing for recovery of property conveyed in fraud of creditors, affords the creditor no lien upon the property except such as is acquired by and arises at the time of the institution of the creditor's action. The statute merely affords a cause of action. The creditor first attaching in such an action acquires a first lien on the property. *Stamper* v. *Hibbs*, 94 Kentucky, 358.

Kentucky Statutes, §§ 2487, 2488, provide for an inchoate lien which exists before the institution of the action. An action brought under those statutes is for the purpose of enforcing a preëxisting lien. *In re Bennett*, 153 Fed. Rep. 673; *Hall* v. *Guthrie*, 103 S. W. Rep. 731; *Winters* v. *Howell*, 109 Kentucky, 163.

An action for the recovery of property fraudulently conveyed by a bankrupt vests exclusively in the trustee under the provisions of §§ 70-a (4) and 70-e of the Bankruptcy Act of 1898. *Anderson* v. *Anderson*, 80 Kentucky, 638; *Annis* v. *Butterfield*, 58 Atl. Rep. 898; *Buffington* v. *Harvey*, 95 U. S. 99; *Bush* v. *Export Storage Company*, 136 Fed. Rep. 918; *Clark* v. *Larremore*, 188 U. S. 486; *In re Downing*, 201 Fed. Rep. 93; *Glenny* v. *Langdon*, 98 U. S. 20; Gray, 3 Am. Bankruptcy, 647; 62 N. Y. Supp. 618; *Hunt* v. *Doyal*, 57 S. E. Rep. 489; *Moyer* v. *Dewey*, 103 U. S. 647; *Ruhl-Koblegard* v. *Gillespie*, 61 W. Va. 584; *Trimble* v. *Woodhead*, 102 U. S. 647; *Williamson* v. *Seldon*, 53 Minnesota, 73.

GLOBE BANK *v.* MARTIN. 291

236 U. S.    Argument for Appellee, and for Petitioner in No. 292.

Although in the absence of bankruptcy only certain creditors could, under the state law, recover the property fraudulently conveyed, when bankruptcy intervenes the property fraudulently conveyed passes as an asset of the estate, recoverable by the trustee for the benefit of the creditors generally. *Annis* v. *Butterfield,* 58 Atl. Rep. 898; *Clark* v. *Larremore,* 188 U. S. 486; *In re Downing,* 201 Fed. Rep. 93; *First National Bank* v. *Staake,* 202 U. S. 141.

A controversy between the trustee representing general creditors on one hand and a class of creditors claiming exclusive right to the fund realized from the recovery of property fraudulently conveyed on the other hand, the property being at the time of the bankruptcy in the adverse possession of the fraudulent vendee, constitutes a controversy arising in a bankruptcy proceeding appealable under § 24-a of the Bankruptcy Act. *Coder* v. *Arts,* 213 U. S. 223; *Hewit* v. *Berlin Machine Works,* 194 U. S. 296; *Knapp* v. *Milwaukee Trust Co.,* 216 U. S. 545; *In re Loving,* 224 U. S. 183; *In re Mueller,* 135 Fed. Rep. 711; *Security Warehousing Co.* v. *Hand,* 206 U. S. 415; *Thomas* v. *Sugarman,* 218 U. S. 129; *York Mfg. Co.* v. *Cassell,* 201 U. S. 344.

If this controversy is to be regarded as involving only an order of distribution under the claim of the appellants to a lien upon the fund, it may then be held a bankruptcy proceeding reviewable in a revisory proceeding in the Circuit Court of Appeals under § 24-b, and reviewable by this court on writ of certiorari. But even in such event, inasmuch as the appeal involves both questions of law and of fact, and a writ of certiorari only a question of law, this court may retain jurisdiction upon either proceeding and determine the question of law. *Bryan* v. *Bernheimer,* 181 U. S. 188; *Duryea Power Co.* v. *Sternbergh,* 218 U. S. 299; *First National Bank* v. *Chicago Trust Co.,* 198 U. S. 280; *Holden* v. *Stratton,* 191 U. S. 115.

By whatever means the fund representing property conveyed in fraud of creditors may be recovered and

brought into the bankruptcy court, the disposition of the fund in bankruptcy. is determined by the rule of distribution prevailing in the Federal jurisdiction, and is not affected by any rule of distribution prevailing in the state court in the absence of bankruptcy. *Acme Harvester Co.* v. *Beekman Lumber Co.,* 222 U. S. 307; *First National Bank* v. *Staake,* 202 U. S. 141; *Miller* v. *New Orleans Fertilizer Co.,* 211 U. S. 496.

In the Supreme Court neither party will be permitted to abandon the issues made by them and considered by the inferior courts and in this court take the position that their rights really rested upon other grounds not at issue. *Tefft* v. *Munsuri,* 222 U. S. 114.

MR. JUSTICE DAY delivered the opinion of the court.

These are appeals from a decree of the United States Circuit Court of Appeals for the Sixth Circuit involving the distribution of a fund in the hands of a Trustee in Bankruptcy. The cases are reported in the Circuit Court of Appeals in 193 Fed. Rep. 841 and 201 Fed. Rep. 31.

One Thomas J. Atkins, upon a petition in involuntary bankruptcy, was, on December 28, 1908, in the United States District Court for the Western District of Kentucky, duly adjudicated a bankrupt. On December 3, 1906, the bankrupt conveyed certain parcels of real estate to his son, Edward L. Atkins, and to the children of said Edward L. Atkins. At the time of the conveyance, the bankrupt was indebted to the Globe Bank and Trust Company of Paducah, Kentucky, the First National Bank of Paducah, Kentucky, and the Old State National Bank of Evansville, Indiana. He also became indebted, subsequently to the delivery of said deed, to certain other creditors in considerable sums. On August 25, 1908, the Globe Bank & Trust Company instituted a suit in the

McCracken Circuit Court of Kentucky, against Atkins and the vendees of said deed, asking a judgment for the amount of the debt, and seeking to set aside the deed of conveyance as fraudulent and void, causing at the same time a writ of attachment to issue, which writ of attachment was levied upon the real estate described in the deed. Similar actions were begun by the First National Bank of Paducah, and the Old State National Bank of Evansville, asking the same relief, and in each of said actions attachments were issued and levied upon the same property. These suits were begun and the attachments issued within four months of the filing of the petition in bankruptcy. Arthur Y. Martin was duly elected trustee in bankruptcy. On January 9, 1909, the Globe Bank & Trust Company filed its petition contesting the jurisdiction of the bankruptcy court, and its right to interfere with the proceedings in the state court for the recovery of the property as aforesaid. On January 20, 1909, the Globe Bank & Trust Company filed a second petition, praying that the attachment lien be preserved under § 67-f of the Bankruptcy Act, and that it be permitted to make the trustee, A. Y. Martin, a defendant in said state court proceeding. On February 18, 1909, the bankruptcy court entered an order, directing that the attachment lien be preserved for the benefit of the bankrupt estate, as provided in § 67-f and the referee, under authority from the court made an order authorizing the trustee to institute an action for the recovery of the property and to intervene in the state court. Thereafter the trustee in bankruptcy instituted an action in the McCracken Circuit Court, praying that said conveyance be set aside as fraudulent and void, as against creditors both before and after the execution and delivery of the deed, and setting up his right as trustee in bankruptcy to be substituted as the real party in interest in the suits then pending in the state court, and further praying that all rights of action and recoveries resulting

therefrom should be decreed to pass to the trustee as assets of the bankrupt estate.

The trustee's action was consolidated with the actions then pending in the McCracken Circuit Court, brought by the creditors, and thereafter judgment was rendered, adjudging that enough of the property be sold to realize the amount of the creditors' debts existing at the time of the conveyance, and adjudging that the conveyance was not actually fraudulent and therefore not voidable as to creditors whose debts were created after the delivery of the deed, and that court appointed the trustee in bankruptcy a special commissioner to sell the property and hold all the proceeds subject to the further order of the court in the further and final distribution of such proceeds, or subject to orders of the District Court of the United States for the Western District of Kentucky in its final distribution of the entire assets of the estate of such bankrupt, and the final adjustment and settlement of its affairs before such court in such proceedings now pending in bankruptcy, "and the rights of all creditors in such bankrupt proceedings in the distribution or disposition of such proceeds by the bankrupt estate are hereby reserved and not determined, but left open for final adjudication among them in such proceedings in bankruptcy."

The trustee, as well as other parties, appealed to the Kentucky Court of Appeals, and that court rendered a judgment which we shall have occasion to consider more at length hereafter.

Subsequently, after the case had gone back to the McCracken Circuit Court from the Court of Appeals, the trustee filed his report of the sale of the property, and asked the court to direct him in the distribution of the proceeds of the sale in his hands. The Globe Bank & Trust Company, the First National Bank, and the Old State National Bank of Evansville, Indiana, claimed the whole of the fund recovered, and afterwards, upon the hearing, the

referee in bankruptcy entered an order, adjudging the three banks named, whose debts were created antecedent to the execution and delivery of the deed, entitled to the entire proceeds of the property, being the sum of $16,146.58, a sum less than the total amount of their debts, leaving nothing for distribution among general creditors.

The District Court affirmed the action of the referee, and an appeal was taken to the Circuit Court of Appeals for the Sixth Circuit. A petition for review was filed at the same time.

It further appears that the Globe Bank & Trust Company, the First National Bank, and the Old State National Bank of Evansville, Indiana, had originally filed proofs of debts, setting up their claims in bankruptcy. Afterwards the Banks filed amended and supplemental petitions and proofs of claims setting up their alleged priority to which pleadings the trustee filed a response and the order appealed from was entered. The Circuit Court of Appeals, treating the case as before it upon appeal (201 Fed. Rep. 31), entered a decree from which the present appeal is taken, reversing the order and decree of the District Court, and finding that the trustee held the fund for distribution among all the creditors of the estate, and not for the exclusive benefit of the banks named as prior creditors.

It is first contended that this court has no jurisdiction because the case, if not properly before the Circuit Court of Appeals by petition for review, should have been taken to that court under § 25 of the Bankruptcy Act, which section limits the time of appeal and requires special findings of fact in bankruptcy proceedings upon claims. We are of opinion, however, that the Circuit Court of Appeals rightly decided (201 Fed. Rep. 31) that the contest over the distribution of this fund in the hands of the trustee was a controversy arising in the bankruptcy proceedings, and hence appealable as other cases in equity

under the Circuit Court of Appeals Act, and the appeals to the Circuit Court of Appeals and this court were properly taken. *Hewit* v. *Berlin Machine Works*, 194 U. S. 296; *Coder* v. *Arts*, 213 U. S. 223; *Knapp* v. *Milwaukee Trust Co.*, 216 U. S. 545; *Matter of Loving*, 224 U. S. 183; *In re Mueller*, 135 Fed. Rep. 711. This view of the jurisdiction of the court results in the denial of the petition for writ of certiorari in No. 292, submitted at the same time with the other cases now under consideration.

We come then to the cases upon their merits. Section 67-f of the Bankruptcy Act (July 1, 1898, c. 541, 30 Stat. 544, 565) provides:

"That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid. And the court may order such conveyance as shall be necessary to carry the purposes of this section into effect: Provided, That nothing herein contained shall have the effect to destroy or impair the title obtained by such levy, judgment, attachment, or other lien, of a bona fide purchaser for value who shall have acquired the same without notice or reasonable cause for inquiry."

Under § 70-a of the Bankruptcy Act the trustee of the estate is vested with the title of the bankrupt, including all property transferred by him in fraud of creditors and

property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him.

Under § 70-e of the same Act, the Trustee may avoid any transfer by the bankrupt of his property which any creditor of the bankrupt might have avoided, and he is given authority to recover the property in the hands of anyone not a bona fide holder for value. The authority of the trustee to prosecute such actions does not seem to be questioned, and is ample for the purpose involved in the present suit. *Security Warehousing Co.* v. *Hand,* 206 U. S. 415, 425, 426.

In the cases in the McCracken Circuit Court the property was charged to have been conveyed in fraud of creditors and also involved a consideration of § 1907 of the Laws of Kentucky (Carroll, 1909), which provides that:

"Every gift, conveyance, assignment, transfer or charge made by a debtor, of or upon any of his estate, without valuable consideration therefor, shall be void as to all his then existing liabilities, but shall not, on that account alone, be void as to creditors whose debts or demands are thereafter contracted, nor as to purchasers with notice of the voluntary alienation or charge; and though it be adjudged to be void as to a prior creditor, it shall not therefore be deemed to be void as to such subsequent creditors or purchasers."

It is the contention of the appellants that, as the conveyances were held in the Kentucky courts to be void under that section as to creditors whose debts and demands then existed, and because of the lack of actual fraud were held not to be void as to subsequent creditors or purchasers, they are entitled to priority, because of the Kentucky statute and the judicial determinations of the state court.

The argument of the appellants does not depend upon the attachments alone, but is based upon their right to

subject the property, which right they contend existed long prior to the four months before the institution of the bankruptcy proceedings. But this argument must be considered in the light of the provisions of § 67-f. That section distinctly provides that all levies, judgments, attachments or other liens, obtained through legal proceedings against a person who is insolvent, within four months of the filing of the petition in bankruptcy, shall be deemed null and void, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, as was done in this case, order that the right under the levy, judgment, attachment or other lien be preserved for the benefit of the estate, in which event the same shall pass to and be preserved by the trustee for the benefit of the estate. Except for the attachments, the appellant banks had no specific lien upon the estate.

The attachments were doubtless sued out because under the Kentucky statute the parties were entitled thereby to gain a preference over other intervening creditors. *Stamper* v. *Hibbs*, 94 Kentucky, 358. The creditors had a right, it is true, to bring an action to set aside the conveyance as against existing creditors, but that right was not supported by any preëxisting lien. The suit was instituted to assert the creditors' rights against the property and thus to subject it to the payment of their claims. The banks had a right of action for this purpose, but the property was not subjected to attachment, nor was there any action seeking to enforce rights in the property until the suits were begun and that was within four months of the filing of the bankruptcy petition.

With attachments and liens thus acquired under state laws, the Bankruptcy Act dealt in provisions which were superior to all state laws upon the subject in virtue of the

constitutional authority of Congress to enact a uniform system of bankruptcy. *In re Watts and Sachs,* 190 U. S. 1, 27; *First Nat'l Bank* v. *Staake,* 202 U. S. 141, 148.

The difference, having the provisions of the act in view, between the beginning of a proceeding to assert liens that existed more than four months before the filing of the petition in bankruptcy, and the attempt to create them by attachment and other proceedings within four months, has been recognized in decisions of this court. In *Metcalf* v. *Barker,* 187. U. S. 165, a proceeding to give effect to a prior lien existing more than four months before the filing of the bankruptcy petition was held not within the meaning of § 67-f of the Bankruptcy Act. In *Clarke* v. *Larremore,* 188 U. S. 486, *Metcalf* v. *Barker* was distinguished, and it was held that where a judgment in the state court had gone so far that an execution had been realized by sale of the debtor's property, and the money was yet in the hands of the sheriff, who held it under a restraining order issued in a suit by another creditor, and the time for the return of the execution had not yet elapsed, and a bankruptcy petition was filed, the money did not belong to the judgment creditor, but passed under § 67-f to the Trustee in Bankruptcy.

Section 67-f came again under consideration in *First National Bank* v. *Staake,* supra, in which property of the bankrupt had been seized by attachment within four months of the filing of the petition, and § 67, particularly subdivision f, was given full consideration, and it was held that where the benefit of the attachment was claimed by the trustee in bankruptcy, and the court had ordered the same to be preserved for the benefit of the estate, so much of the value of the property attached as was represented by the attachment passed to the Trustee for the benefit of the entire body of creditors; that the statute recognized the lien of the attachment, but *distributed the lien* among the whole body of creditors. In that case it was contended

that § 67-f referred only to liens upon property which, if such liens were annulled, would pass to the Trustee in Bankruptcy, but this court answered that argument by saying:

"This clause evidently contemplates that attaching creditors may acquire liens upon property which would not pass to the bankrupt, if the liens were absolutely annulled, and therefore recognizes such liens, but extends their operation to the general creditors. Had no proceedings in bankruptcy been taken doubtless this property would have been sold for the benefit of the attaching creditors." And in the *Staake Case* it was held that it made no difference that the diligent creditor was thereby deprived of a preference which would have been entirely legal under the state law. It was also held that the rule that the trustee stands in the shoes of the bankrupt has no application to § 67-f where the trustee is permitted to assert a superior right for the benefit of general creditors.

The section (67-f) was again before this court in *Miller* v. *New Orleans Fertilizer Co.*, 211 U. S. 496. In that case, *First National Bank* v. *Staake, supra,* was quoted with approval, and it was held that the right to preserve liens under subdivision f of § 67 extended to causes of action arising under state law, and that while the state court had the right to entertain suits to avoid conveyances under the law of the State, under § 67-f the right to the lien of preference arising from the suit might by authority of the court be preserved for the benefit of the bankrupt estate. In that case it was further held that the proceeding and judgment in the state court did not prejudice the right of the bankruptcy court to determine among what creditors the property should be distributed, and that such questions were exclusively cognizable in the bankruptcy court. See also *Rock Island Plow Co.* v. *Reardon*, 222 U. S. 354.

It is contended, however, by the appellants, that if we

assume that under § 67-f of the Bankruptcy Act, the property or its proceeds must come to the trustee to be distributed by him under the orders of the bankruptcy court for the benefit of the estate, that inasmuch as under the statute of Kentucky creditors existing prior to the making of the deed in question were entitled to be preferred in the distribution of the proceeds, that right is protected by sub-section 5 of § 64-b of the Bankruptcy Act, which provides that the debts to have priority, except as therein provided, and to be paid in full out of bankrupt estates, are, among others, "debts owing to any person who by the laws of the States or the United States is entitled to priority," and it is contended that this sub-section, as considered by the Circuit Court of Appeals of the Sixth Circuit in an opinion written by the late Justice Lurton, *In re Bennett*, 153 Fed. Rep. 673, maintains that position. But an examination of that case shows that it dealt with a statutory lien created under § 487 of the Kentucky statutes, giving preferences to persons furnishing materials or supplies to manufacturing companies, and creating a lien upon the property in cases of such companies in case of an assignment for the benefit of creditors, or where the property is distributed among creditors by operation of law or by act of the company. It was held that such statutory lien gave a substantial right in or inchoate lien upon the property from the date of furnishing the material, within the spirit and meaning of § 64-b sub-section 5, of the Bankruptcy Act. That case, and such cases as *In re Laird*, 109 Fed. Rep. 550, which dealt with labor claims, recognize the purpose of Congress in passing § 64-b, to maintain statutory liens and preferences in such cases in the distribution of the bankrupt estate.

We are unable to see that the case has any bearing upon the construction of § 67-f and the cases now under consideration. Under our system of bankruptcy, and in the

administration of assignments under state laws, there are certain persons such as those furnishing material or labor that, in certain specified ways, are given preference in the distribution of insolvent estates. It is a statutory lien of that kind with which the court dealt in *In re. Bennett.*

Nor are we able to discover anything excluding the right of the Bankruptcy Court to itself distribute the property in the proceedings had in the Kentucky courts where the trustee intervened on the order of the judge. In his petition filed in the McCracken Circuit Court, Martin, the trustee, alleged that the conveyances made by Atkins were fraudulent and should be set aside and the property adjudged to belong to the trustee of the bankrupt for the benefit of his creditors. He also set up the order which had been made under § 67-f in the Bankruptcy Court. In that case, the McCracken Circuit Court held that the conveyances were not actually fraudulent, but were constructively so as to antecedent creditors. The property was ordered to be sold and the trustee in bankruptcy appointed special commissioner and directed to hold the proceeds of the sale subject to the order of final distribution of the bankruptcy court, as appears in that part of the judgment which we have already quoted. From that judgment the trustee and the grantees under the deed appealed. Upon the trustee's appeal the court in its opinion (124 S. W. Rep. 879) held that the trustee had not been prejudiced by the failure of the court below to allow the action to be prosecuted in his name, nor had the judgment prejudiced his substantial right as trustee for the benefit of all the creditors. The court cited § 70 of the Bankruptcy Act, recognizing the right of the trustee, vested with the title of the bankrupt, to bring proceedings in the bankruptcy court or the state court for its recovery, and his right to be substituted by the court as plaintiff in any suits brought by creditors for the purpose of recover-

ing property fraudulently conveyed by the bankrupt, and in its opinion the court said (p. 881):

"It is true the trustee asked that the conveyance be declared fraudulent as to all creditors both subsequent and antecedent, while the court only adjudged that the conveyance was fraudulent as to antecedent creditors, but we do not understand that the Trustee in bankruptcy is complaining of the judgment in so far as it refused to adjudge the conveyance actually fraudulent. The judgment does not undertake to dispose of the proceeds that may be realized from the sale of the property, but leaves this question open for future determination, and we do not doubt that, when the court comes to make an order concerning the disposition of the proceeds in the hands of the trustee as special commissioner, it will direct that the proceeds be paid over to the trustee in bankruptcy to be administered as a part of the estate of the bankrupt in the bankruptcy court. In anticipation of what we assume the court will do, we may with propriety in this opinion direct that it make such orders. If the court in the judgment had undertaken to divest the trustee of the control of this fund, we would upon this point reverse the judgment with directions to proceed as indicated, but, as the court did not make such an order, we are of the opinion that on the appeal of the trustee the judgment of the lower court should be affirmed."

Therefore it appears that the judgment of the lower court, directing the proceeds to be disposed of in the bankruptcy proceedings, was distinctly affirmed, and the court declared that a contrary holding would have been reversed.

After dealing with the questions brought up by the grantees in the deed, it was held that the court below was wrong in fixing the date of the delivery and acceptance of the deed as of April 20, 1907, instead of December 4, 1906, and the court said (page 882):

"To what extent this will affect the judgment creditors

we are not advised; but only those creditors whose debts were created previous to December 4, 1906, are entitled to participate in the proceeds realized from the sale of the property. If the proceeds amount to more than sufficient to pay such debts, the surplus should be paid to the grantees in the deed."

But we do not think in this part of the opinion the Court of Appeals of Kentucky intended in anywise to depart from its affirmation of the judgment of the Circuit Court upon the trustee's appeal and its explicit recognition of the authority of the Bankruptcy Court to control the disposition of the proceeds of the sale. The court did not consider § 67-f in its opinion, nor did it give, as it had no authority so to do, any specific direction as to the distribution of the fund in the Bankruptcy Court. The McCracken Circuit Court after the mandate came down repeated its order as to the distribution in the Bankruptcy Court by reference to its former judgment, and the trustee applied for an order in that court which was made and subsequently appealed from in the present case.

Under the Bankruptcy Act, when the conveyance was set aside, the lien or attachment being within four months of the bankruptcy proceeding, the bankrupt being then insolvent, of which fact no question is made, and the Bankruptcy Court having ordered that the lien be preserved for the benefit of creditors, it became good under the provisions of the Bankruptcy Act for the benefit of all the creditors of the estate. Under this order the Bankruptcy Court had acquired jurisdiction,—the state court had no possession of the property except such as the attachment gave—and after the conveyance was set aside in the state court, for which purpose the state court is given concurrent jurisdiction by § 70 of the Bankruptcy Act, it had the right to determine for itself the disposition of the fund arising from the property sold. *Miller* v. *New Orleans Fertilizer Co.*, 211 U. S. *supra.*

We find no error in the decree of the Circuit Court of Appeals, directing the distribution of the proceeds of the sale for the benefit of all the creditors of the estate. The decree is accordingly

*Affirmed.*

MR. JUSTICE PITNEY and MR. JUSTICE McREYNOLDS dissenting.