## BOWERSOX v. B. M. BEHRENDS BANK.

First Division.   Juneau.   September 30, 1926.

No. 2604–A.

**1. Appearance ⬡19(1)—Bankruptcy ⬡292—Jurisdiction to Recover Property of Bankrupt.**

The plaintiff is trustee in bankruptcy of the estate of the Dobbins Packing Company, appointed by the United States District Court in Oregon.   He brought suit against the Behrends Bank in Alaska to recover the value of property of the bankrupt estate, which the bank had seized under attachment and refused to deliver on demand.   To the plaintiff's complaint the defendant demurred on several grounds, the first being that the court has no jurisdiction of the person of the defendant or the subject-matter of the suit.   *Held*, the defendant having appeared generally, the court has jurisdiction over the person; actions of this nature may be brought by the trustee in bankruptcy in any state or territorial court having jurisdiction over the property.   While there may be a question, under the allegations of the complaint, whether the bankruptcy court itself may not have exercised summary jurisdiction under section 60b of the Bankruptcy Act as amended (11 USCA § 96), there can be no question of the jurisdiction of this court to entertain the action.

**2. Bankruptcy ⬡292—Right of Oregon Trustee to Sue in Alaska.**

A trustee in bankruptcy, appointed in the United States District Court in Oregon, is authorized to sue in the District Court in Alaska to recover the value of property of the bankrupt estate converted by persons in Alaska.

**3. Bankruptcy ⬡200(3)—Attachment within Four Months Prior to Adjudication Void.**

The Dobbins Packing Company was adjudged bankrupt in the United States District Court in the District of Oregon on February 3, 1925; plaintiff was chosen as trustee.   The defendant bank had notice and was a party to the proceedings in Oregon.   Defendant brought a suit in the District Court, First Division, Alaska, against the Dobbins Packing Company on November 6, 1924, attached its property, and entered judgment in said suit on March 24, 1925.   Thereafter it issued execution and sold the attached property, and netted $4,269.40 therefrom, which it converted to its own use.   On August 27, 1925, demand was made by the trustee on the defendant bank for the property, and was refused.   On demurrer, *held*, the levy and attachment on the property having been obtained within four months prior to the filing of the petition in bankruptcy, was discharged by the adjudication of bankruptcy; the property was released from the attachment and passed to the bankrupt estate.

⬡See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Bankruptcy ⊙⟹200(3)—Judgment ⊙⟹518—Judgment Based on At-tachment within Four Months of Adjudication Void.**

The defendant attached property of the Dobbins Packing Company, and thereafter and within four months that company was adjudicated a bankrupt in the United States District Court in Oregon. The defendant took its judgment against the packing company after the adjudication of bankruptcy, of which it had notice, issued execution, sold the property, and converted the proceeds. Demand was made on it for the property which it refused to deliver. Suit was then begun against the bank by the trustee to recover the value of the property. On demurrer to the complaint of the trustee, it was insisted that the suit was a collateral attack upon the judgment obtained by the bank against the packing company. *Held*, the order of sale, as part of the judgment, was made under the provisions of section 979, Comp. Laws Alaska 1913, directing such order to be made by the court, if it appeared that the attachment had not been discharged. The order was in the nature of a quasi proceeding in rem, and could only bind the defendant in that action and his privies. The plaintiff (trustee in bankruptcy) herein was not in privity with the defendant in the original action, and was not bound by the judgment; his attack in this action is direct, and not collateral.

**5. Bankruptcy ⊙⟹200(1)—Liens within Four Months of Bankruptcy.**

Not all liens obtained by legal proceedings within four months prior to the filing of the petition in bankruptcy are invalid under section 67f of the Bankruptcy Act (11 USCA § 107); only such as were obtained when the debtor was insolvent under the terms of the Bankruptcy Act, and then only if he be adjudged a bankrupt, are discharged, and the property and right of possession and title pass to the trustee free and clear from the attachment or other lien.

**6. Bankruptcy ⊙⟹391(1)—Suits Pending against Bankrupt at the Time of Adjudication.**

The defendant appears to insist that the trustee waived his right to the property by not appearing in the original action, against the Dobbins Packing Company, bankrupt, in the courts in Alaska, and setting up the bankruptcy proceedings in Oregon. *Held*, in the first place, the filing of a petition in bankruptcy is by statute made a caveat to all the world, and after the adjudication in bankruptcy the creditor, continuing his legal proceedings against the bankrupt, does so at his peril. In the second place, it is alleged that the defendant had actual notice of the proceedings in bankruptcy before judgment entry in his favor. Under these conditions, it is apparent that the defendant has not waived his right to the property by not appearing in the original action of the bank against the packing company.

The plaintiff herein, alleging that he is trustee in bankruptcy of the estate of the Dobbins Packing Company, a corporation, has initiated this action against the B. M. Behrends Bank, Inc., to recover the value of certain personal property alleged to have been a part of the bankrupt estate of the Dobbins Packing Company and to have been converted by the defendant to its own use. To the complaint the defendant has interposed a demurrer on several grounds, namely, that this court has no jurisdiction of the person of the defendant nor of the subject of the action, that the plaintiff has no legal capacity to sue, and that the complaint does not state facts sufficient to constitute a cause of action. In July last, the demurrer was submitted to the court, with the stipulation on the part of counsel that briefs would be filed by them, sustaining their respective contentions. The briefs, which contain references to many authorities, have been filed and considered. Counsel for the parties have displayed great industry and earnestness in maintaining their respective positions, and in view of this and the novel position taken with reference to the effect of the Bankruptcy Act (11 USCA), I have decided to give my conclusions in writing.

James Wickersham, of Juneau, and Hewitt & Sox, of Albany, Or., for plaintiff.

R. E. Robertson, of Juneau, for defendant.

REED, District Judge. I find that some of the cases cited by counsel are not in point, that a number have no direct bearing on the points in issue, and that a large number are merely confirmatory of the plain provisions of the bankruptcy statute, or of later authoritative decisions of the Supreme Court construing that statute. Herein I shall only cite those cases which, in my view of the law, are determinative of the questions raised.

The first ground of demurrer of the defendant is that the court has no jurisdiction of the person or of the subject of the action. In my judgment the demurrer is not well taken on these grounds. The defendant apparently has not touched upon the first or second point of the demurrer in his three briefs. The jurisdiction of this court, being a court of general jurisdiction, is obtained over the person by personal service on defendant, within the jurisdiction of this court, of the summons

and a certified copy of the complaint. The defendant apparently was duly served, as it, being a domestic corporation, has appeared in the action generally and submitted to the jurisdiction of the court. It has, therefore, jurisdiction of the person of defendant. The court also has jurisdiction of the subject of the action. The subject of the action is the subject-matter thereof. The subject-matter of the action is the primary right of the plaintiff and the wrong done to him. These are the elements of the subject-matter of the action. Each is a necessary element thereof. The subject of the action in this case would be the primary right of the plaintiff to the property of the bankrupt within the jurisdiction of the court, and the wrongful conversion of it by the defendant. Pomeroy on Code Remedies, par. 369, note 1; Stone v. Case, 34 Okl. 5, 124 P. 960, 43 L. R. A. (N. S.) 1168; McArthur v. Moffet, 143 Wis. 564, 128 N. W. 445–448, 33 L. R. A. (N. S.) 264.

This is a plenary action, brought by the trustee in bankruptcy, to recover the value of property alleged to have been converted by the defendant. The tort is alleged to have been committed within the jurisdiction of this court. Actions of this nature may be brought by the trustee in bankruptcy in any state or territorial court having jurisdiction over the property. Remington on Bankruptcy, par. 379; Bankruptcy Act, §§ 23b, 70e (11 USCA §§ 46, 110); Bardes v. Hawarden Bank, 178 U. S. 525, 20 S. Ct. 1000, 44 L. Ed. 1175; Frank v. Vollkommer, 205 U. S. 521, 27 S. Ct. 596, 51 L. Ed. 911. The test of jurisdiction is the right to decide the matter in controversy. Phebus v. Search (C. C. A.) 264 F. 407–411. While there may be a question, under the voluminous allegations of the complaint, whether the bankruptcy court itself may not have exercised summary jurisdiction under section 60b of the Bankruptcy Act as amended (11 USCA § 96), there can be no question of the jurisdiction of this court to entertain the action. See Collette, Trustee, v. Adams, 249 U. S. 545–549, 39 S. Ct. 372, 63 L. Ed. 764; Graessler & Reichwald (C. C. A.) 154 F. 478. However, the bankruptcy court, being the District Court of the state of Oregon, authorized the trustee in bankruptcy, according to the allegations of the complaint, to bring this action in this court, and it is to be presumed that that court considered the question of its jurisdiction, and deemed it necessary to have the alleged wrong and the remedy therefor de-

termined by a plenary action within the jurisdiction where the cause of action arose, having in view the decision of the Supreme Court in Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426, 44 S. Ct. 396, 68 L. Ed. 770.

The second ground of the demurrer, that the plaintiff trustee has no legal capacity to sue, is also not well taken, from what has heretofore been said, and by reference to section 47a (2) of the Bankruptcy Act (11 USCA § 75), which provides that:

"The trustees shall * * * collect and reduce to money the property of the estates for which they are trustees. * * * And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment-creditor holding an execution duly returned unsatisfied."

See Grant v. National Bank (D. C.) 232 F. 201.

The third and last ground of demurrer, and on which the main contentions of counsel are based, is that the facts stated in the complaint are insufficient to constitute a cause of action. The contention of defendant's counsel in this respect seems to be twofold—the first based on the assumption that the action is in the nature of an action of trover and conversion, and that the complaint is defective in not alleging title in the plaintiff and his right of possession to the property alleged to have been converted, at the time of the conversion; and the second, that the complaint shows on its face that it is brought to set aside a valid judgment of a court of general jurisdiction, in a collateral proceeding.

As to the first of these contentions, the broad proposition is laid down by the counsel that in trover the rule of pleading is axiomatic that the plaintiff must allege that at the time of conversion the plaintiff had title, general or special, to the property alleged to have been converted, and the right of immediate possession thereof, or that he was at that time in possession thereof and was wrongfully deprived of the same by the defendant. This proposition is undoubtedly a general rule of pleading in trover and conversion. An examination of the complaint discloses that the complaint does not plead title and right

of immediate possession in general terms, but the complainant has pleaded the facts as to his claim of title and right of possession to the property at the time of conversion, under the terms of the Bankruptcy Act.

It is a rule of code pleading that the plaintiff may, in an action sounding in trover, allege facts as to his title and right of possession of the property alleged to have been converted, or he may allege generally title and right of possession in himself. If the facts pleaded clearly show title and right of possession at the time of conversion in the plaintiff, to the exclusion of others, the complaint would state a cause of action in that regard. Paine v. British-Butte M. Co., 41 Mont. 28, 108 P. 12; Craig v. Burns, 65 Mont. 550, 212 P. 856; Hugo State Bank v. Hugo National Bank, 96 Okl. 135, 220 P. 868; Butts v. Kingman, 60 Neb. 224, 82 N. W. 854; Cone v. Ivenson, 4 Wyo. 203, 33 P. 31, 35 P. 939; Lowe v. Ozmun, 137 Cal. 257, 70 P. 87. The question of the sufficiency of the complaint as to alleging title and right of possession in the plaintiff, therefore, depends upon the facts alleged therein. If the facts pleaded, as applied to the Bankruptcy Act, show that the trustee, at the time of the alleged conversion, had general or special title to the property alleged to have been converted and a right to the possession thereof, the complaint would state a good cause of action in trover and conversion.

The second proposition of the defendant, in its demurrer, as to the action being a collateral attack on a valid judgment, also depends upon the nature of the action and the facts stated in the complaint. To determine these two propositions, it is necessary that an examination of the facts set forth in the complaint with reference to the Bankruptcy Act be made. The complaint, in substance, after setting forth the incorporation of the defendant and the Dobbins Packing Company, is as follows: That the Dobbins Packing Company was adjudged bankrupt on the 3d day of February, 1925, in the United States District Court for the District of Oregon; that the plaintiff was elected and qualified as trustee in bankruptcy; that the defendant bank had notice of the bankruptcy proceedings and was a party thereto; that the defendant brought an action in this court against the Dobbins Packing Company on November 6, 1924, and procured a writ of attachment to issue against the property of the packing company on November 7, 1924, and that by

7 A.R.—31

virtue of the writ of attachment the United States marshal of the territory levied upon and took into his possession certain described personal property; that thereafter a judgment and order of sale of the attached property was entered in this court in said action in favor of the bank and against the packing company for $3,521.06 and interest from March 8, 1925, and costs taxed at $621.55, and for the sale of said personal property attached in said action, which judgment was docketed on March 24, 1925, in the judgment docket of the court; that thereafter, on March 24, 1925, pursuant to said judgment, an execution and order of sale of the attached property was issued in said action, and the United States marshal aforesaid sold the personal property described to the bank for the sum of $4,275, less accruing costs, netting $4,269.40, applied on the judgment in said action; that the personal property so attached, levied upon, and sold was reasonably worth $9,500, and that such property was taken by the defendant bank and applied on its debt at the sum of $4,269.40, and all money bid by defendant for said property was returned to defendant, and defendant took all of said property as alleged.

It is further asserted in the complaint that said attachment and judgment, and all subsequent proceedings had pursuant thereto, were in fraud of the Bankruptcy Act and of the creditors of the bankrupt packing company; that the debts upon which the attachment and judgment were rendered were then past due; that the said bankrupt, at the time of the attachment and at all times thereafter, was insolvent; that the said defendant bank had reasonable cause to believe that the said packing company was at all said times insolvent and in contemplation of bankruptcy; that said attachment and judgment were not founded upon any present or future consideration, and that the effect thereof and of subsequent proceedings were intended to and did give a preference to the said bank, and enabled said bank to obtain a greater percentage of its debt than other creditors of the bankrupt of the same class; that the attachment, judgment, and subsequent proceedings were had for the purpose and with the intent on the part of said bank and the packing company of hindering, delaying, and defrauding other creditors of the packing company, and did so hinder, delay, and defraud such other creditors; that said attachment was levied within four months preceding the filing of said peti-

tion in bankruptcy, and said judgment was rendered and the sale thereof under it was made subsequent to the filing of the petition of the Dobbins Packing Company for an adjudication in bankruptcy, and subsequent to the entry of the order of adjudication; that the unsecured debts of the Dobbins Packing Company aggregated $41,818.18; that there is no other property of said packing company, except an equity in certain goods assigned as security for a debt to the National Bank of Commerce at Seattle, which said equity is of no value.

The complainant further alleges that the Dobbins Packing Company suffered said attachment and judgment in favor of the defendant in fraud of the provisions of the Bankruptcy Act, and that the defendant bank at the time of the attachment and judgment had reasonable cause to believe that it was thereby intended to give a preference to said bank, and that said attachment and judgment and the enforcement thereof did effect a preference, within the meaning of the said Bankruptcy Act, in fraud of the provisions of said act; that on August 27, 1925, demand was made on defendant by the trustee that it surrender and deliver to him all property so purchased at the execution sale, which defendant refused to do, and converted the same to its own use, to plaintiff's damage in the sum of $9,500; that on March 16, 1926, the referee in bankruptcy for the United States District Court of Oregon authorized and directed plaintiff, as trustee, to institute this action.

From these allegations, which must be taken as true for the purpose of the demurrer, it appears that the levy and attachment of the defendant on the property of the Dobbins Packing Company was obtained within four months prior to the filing of the petition in bankruptcy against the packing company; that the packing company was insolvent at the time of the accrual of the attachment lien, and that the packing company was, by the District Court of Oregon, adjudged a bankrupt in February, 1925, prior to the rendition of judgment in favor of the defendant. The validity of the attachment and order of sale under the attachment is thus raised under section 67f of the Bankruptcy Act (11 USCA § 107).

It is also alleged that the Dobbins Packing Company suffered the attachment and judgment to be entered against it in favor of the defendant, and that the defendant, at the time of

the attachment and judgment, had reasonable cause to believe that it was thereby intended to give a preference to the defendant bank, and that the same did effect a preference, and enable the bank to obtain a greater percentage of its debt than other creditors in the same class; thus attacking the judgment and sale in the case of the Bank v. Dobbins Packing Co., 7 Alaska, ——, under the provisions of sections 60a and 60b and 67c of the Bankruptcy Act. It further appears from the complaint that, although the defendant bank had notice of the proceedings in bankruptcy and the adjudication of the packing company as a bankrupt, it proceeded with its action against the bankrupt, and obtained a judgment and order of sale of the property so attached, under section 901, C. L. A., and thereafter sold the property, and bid the same in, and applied a portion of its judgment on the purchase price of the property bid in by it.

The question then resolved itself into the query whether, under these allegations in the complaint, the plaintiff's claim of title and right of possession to the property so purchased by the defendant is superior, under the provisions of the Bankruptcy Act, to the title of the bank acquired through such judgment and sale. Section 67f of the Bankruptcy Act is as follows.

"All levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid. And the court may order such conveyance as shall be necessary to carry the purposes of this section into effect. Provided, that nothing herein contained shall have the effect to destroy or impair the title obtained by such levy, judgment, attachment, or other lien, of a bona fide purchaser for value, who shall have acquired the same without notice or reasonable cause for inquiry."

It is clear that, under this section of the Bankruptcy Act, if the attachment levy of the defendant was made within four months prior to the filing of the petition in bankruptcy, and thereafter an adjudication in bankruptcy was had on such pe-

tition, and the bankrupt was not adjudged insolvent at the time of the levy of the attachment, the lien of attachment will be discharged and the property released therefrom, and pass to the trustee as a part of the bankrupt's estate. The wording of the section is plain, and the authorities all concur in its conclusion. See First National Bank v. Staake, 202 U. S. 141, 26 S. Ct. 580, 50 L. Ed. 967; Globe Bank & Trust Co. of Paducah v. Martin, Trustee, 236 U. S. 288, 35 S. Ct. 377, 59 L. Ed. 583; Lehman, Stern & Co. v. S. Gumbel & Co., 236 U. S. 448, 35 S. Ct. 307, 59 L. Ed. 666; In re Watts and Sachs, petitioners, 190 U. S. 1–27, 23 S. Ct. 718, 47 L. Ed. 933; In re Federal Biscuit Co. (C. C. A.) 214 F. 221; Goodnough Mercantile, etc., Co. v. Galloway, 48 Or. 239, 84 P. 1049; 7 C. J. 195, notes 79, 80, and 81.

It is unquestioned that, by virtue of the constitutional provision, authorizing Congress to enact uniform laws on the subject of bankruptcy throughout the United States, when Congress has enacted such laws, they are the supreme laws of the land on the subject, and therefore the courts must be governed by the terms of the act. Silverman's Case, 22 Fed. Cas. 135 No. 12855; Lea v. George M. West Co. (D. C.) 91 F. 237–239; Hurley v. Devlin (D. C.) 151 F. 919.

Since the complaint alleges that the levy and attachment of the defendant were made within four months prior to the filing of the petition in bankruptcy, that the bankrupt was insolvent at the time of the levy, and that it was duly adjudged a bankrupt, the lien of the attachment, if these alleged facts are true, became discharged, and the property and right of possession and title passed to the trustee in bankruptcy on his appointment, free and clear from the attachment lien. If the lien attachment was dissolved, as it must have been according to the allegations of the complaint, the defendant bank could not, after the adjudication in bankruptcy, acquire any interest in the property described, for the reason that the title and right of possession had passed to the trustee. Section 70a(5) of the Bankruptcy Act provides that the trustee, upon his appointment, shall—

"be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to all * * * (4) property transferred by him in fraud of his creditors; (5) property which prior to the filing of the

petition he could by any means have transferred or which might have been levied upon and sold under judicial process."

·Therefore it appears from the complaint that the attachment lien was discharged, because obtained within four months prior to the filing of the petition in bankruptcy and while the bankrupt was insolvent, and an adjudication had. Further, it appears all these steps were taken before judgment and order of sale was entered in favor of defendant. It further appears therefrom that at the time of the entry of judgment the title and right of possession to the property was vested in the trustee in bankruptcy under section 70a (5), above quoted. If the lien of the attachment was dissolved for the reason stated, the defendant could gain no interest in the property, except through a levy made after adjudication in bankruptcy. This he could not acquire, because at the time of the judgment, which the defendant obtained against the Dobbins Packing Company, the title to the property had passed to the trustee in bankruptcy.

This being my view of the sufficiency of the complaint, under section 67f of the Bankruptcy Act, I do not deem it necessary to consider the further facts alleged therein as to its sufficiency under sections 60a and 60b, and other sections of that act.

Counsel for defendant, however, insists that this action is ·a collateral attack on a valid judgment of a court of competent jurisdiction, and that such judgment is conclusive on the plaintiff herein. The judgment referred to was rendered by this court, and the court had jurisdiction of the person of the defendant and of the property at the time judgment was rendered. The order of sale, as a part of the judgment, was made under the provisions of section 979, C. L. A., directing such order to be made by lthe court if it appeared that the attachment had not been discharged. The order was in the nature of a quasi proceeding in rem, and could only bind the defendant in that action and his privies. Manson v. Williams, 213 U. S. 453, 29 S. Ct. 519, 53 L. Ed. 869. The plaintiff herein was not in privity with the defendant in the original action of the defendant against the bankrupt packing company, for the reason that it stood in the relation to the packing company of a judgment creditor, holding an execution returned unsatisfied. Bankruptcy Act, § 47a (2).

In my opinion, the order of sale is not conclusive on the trustee, even though this action be considered a collateral attack on a valid judgment. I do not consider this action a collateral attack on the judgment of this court. It is no more so than where there are two liens on property and a judicial sale is had under one lien; the other not being made a party to the action ordering the sale. The other party thereafter brings action, alleging a prior lien or right to the property, and making the purchaser under the judicial sale a party. In the case before us, the plaintiff does not attack the amount of the judgment. That will stand as a proved claim against the estate; but he does claim that the lien of the attachment and sale thereunder of the property when made was invalid as against his claim of title to the property, because of the facts alleged in the complaint. Not all liens obtained by legal proceedings within four months prior to the filing of the petition in bankruptcy are invalid under section 67f of the Bankruptcy Act; only such as were obtained when the debtor was insolvent under the terms of the Bankruptcy Act, and then only if he be adjudged a bankrupt. Liberty National Bank v. Bear, 265 U. S. 365, 44 S. Ct. 499, 68 L. Ed. 1057; Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426, 44 S. Ct. 396, 68 L. Ed. 770.

In the case before us, it appears from the complaint that the defendant, the bank, is holding the property, claiming title thereto under and by virtue of the order of sale made under an attachment levy within four months prior to the filing of the petition in bankruptcy. The plaintiff claims that such attachment is invalid for the reason that the lien of the attachment was obtained by legal proceedings against the Dobbins Packing Company, within four months from the filing of the petition in bankruptcy, when it was insolvent, and that the said packing company was adjudged a bankrupt prior to the judgment entry in favor of the defendant. The question as to whether the Dobbins Packing Company was insolvent at the time of the levy of the attachment has never been adjudicated. If the Dobbins Packing Company was not insolvent at the time of the levy of the attachment, or if the attachment was not levied within four months prior to the filing of the petition in bankruptcy, or if the facts show that

the bankrupt was not so adjudged, then the lien of the attachment would not be dissolved, and the right to the property under the sale made in pursuance of the judgment for defendant against the Dobbins Packing Company would be superior to that of the plaintiff. If, on the other hand, the facts alleged in the complaint are true, then the trustee's title and right to the possession of the property would be established.

The issues of fact thus tendered under the complaint have not been adjudicated, and must be litigated, with the burden on the trustee in bankruptcy, challenging the validity of the attachment lien.

The defendant appears to insist that the trustee waived his right to the property by not appearing in the original action against the packing company and setting up his bankruptcy proceedings. I do not think so. In the first place, the filing of a petition in bankruptcy is by statute made a caveat to the world, and, after the adjudication in bankruptcy the creditor, continuing his legal proceedings against the bankrupt, does so at his peril. In the second place, it is alleged that the defendant had actual notice of the proceedings in bankruptcy before judgment entry in his favor. Under these conditions, it is apparent that the defendant has not waived his right to the property by not appearing in the original action of the bank against the packing company. In re Gilsonite Mines (D. C.) 236 F. 1015; Wilson v. Van Buren, 184 Mich. 530, 151 N. W. 752; Clay v. Waters (C. C. A.) 178 F. 385, 21 Ann. Cas. 897; York Mfg. Co. v. Cassell, 201 U. S. 344, 26 S. Ct. 481, 50 L. Ed. 782; Hiscock v. Bank, 206 U. S. 28, 27 S. Ct. 681, 51 L. Ed. 945; Mueller v. Nugent, 184 U. S. 1, 22 S. Ct. 269, 46 L. Ed. 405.

For the reasons stated, I am of the opinion that the demurrer to the complaint must be overruled; and it is so ordered. Ten days will be allowed the defendant to answer.